UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BRENDAN SCHULTZ,<br><br>           Plaintiff,<br><br>   vs.<br><br>UNITED STATES DEPARTMENT OF STATE, DOES 1 THROUGH 100,<br><br>           Defendants. | CIV. NO. 22-00059 LEK-WRP |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTION; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO <u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On February 8, 2022, pro se Plaintiff Brendan Schultz ("Schultz") filed a Complaint and Request for Injunction ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Complaint is hereby dismissed without prejudice. In other words, Schultz will be allowed to file an amended complaint to try to cure the defects in the Complaint. Because Schultz is allowed to file an amended complaint, the Application will not be ruled upon until the

amended complaint is filed and screened.  Schultz's amended complaint must be filed by **July 15, 2022.**

## BACKGROUND

According to the Complaint, Schultz resides in Honolulu, Hawai`i.  [Complaint at ¶ I.A.]  The defendant named in the Complaint is the United States Department of State ("Department of State").  [Id. at ¶ I.B.]  Schultz asserts that federal question jurisdiction exists in this case, pursuant to 28 U.S.C. § 1331.  [Id. at ¶ II.]

Schultz brings this action under the Administrative Procedure Act ("APA") and the Fifth Amendment of the United States Constitution.  [Id. ¶ II.A.]  Although Schultz's claims are unclear, he appears to allege the Department of State violated his civil rights because he was discriminated against when he was not selected to interview for a 2022 Fulbright scholarship.  See id. at PageID #: 6.  Schultz applied to the Fulbright United States Student Program before the October 12, 2021 deadline.  [Id.]  He alleges that, although he "was extremely well qualified for the Fulbright US Student program when accessed [sic] by the publicized criteria for such award," "[o]n January 26, 2022, the Institute of International Education [('IIE')] informed [him] that he was not selected for an interview for the Fulbright program without providing any rationale."  [Id.]

Schultz further alleges "[t]he Institute of International Education does not appear to have anti-bias training for Fulbright program evaluators," and does not have a "civil rights grievance process by which [he] can seek to rectify a civil rights violation." [Id.]  Schultz also alleges "the Department of State and the Executive Branch have no procedure to efficiently rectify discrimination in a timely manner that would prevent irreparable harm to [him]."  [Id.] Schultz states that "[a]ny reasonable person who compares [his] application for the Fulbright program with the criteria outlined on the Fulbright program's website would conclude that [he] is well qualified for the Fulbright program and immensely qualified for the particular Fulbright award for which he applied."  [Id.]

Schultz alleges that, because he received at least eight awards from the Department of State and the Department of State "routinely publishe[d] [his] accomplishments through official media channels," the rejection of his Fulbright application is "perplexing and illogical."  [Id. at PageID #: 9.]  Schultz alleges he was "discriminated against as a result of being a Jew . . . ." [Id. at PageID #: 10.]  Schultz seeks "[a] preliminary injunction to advance . . . to the finalist selection process for his 2022 Fulbright US Student program application." [Id. at PageID #: 13.]

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se

4

> litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.")[.] . . .

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

**DISCUSSION**

I.  **Failure to State a Claim**

Federal question jurisdiction exists over Schultz's Fifth Amendment and APA claims. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Schultz, however, fails to provide sufficient facts to raise plausible Fifth Amendment or APA claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

5

plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)).

    **A.**    **Fifth Amendment Claim**

The United States Supreme Court has stated:

> The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." In numerous decisions, this Court "has held that the Due Process Clause of the Fifth Amendment forbids the Federal Government to deny equal protection of the laws. *E.g.*, Hampton v. Mow Sun Wong, 426 U.S. 88, 100 (1976); Buckley v. Valeo, 424 U.S. 1, 93 (1976); Weinberger v. Wiesenfeld, 420 U.S. 636, 638 n.2 (1975); Bolling v. Sharpe, 347 U.S. 497, 500 (1954)." Vance v. Bradley, 440 U.S. 93, 95 n.1 (1979). . . ."

Davis v. Passman, 442 U.S. 228, 234 (1979) (some alterations in Davis). As such, "a cause of action may be implied directly under the equal protection component of the Due Process Clause of the Fifth Amendment in favor those who seek to enforce this constitutional right." Id. at 242 (footnote omitted). "The central inquiry in an Equal Protection Clause claim is whether a **government action** was motivated by a discriminatory purpose." Ballou v. McElvain, 29 F.4th 413, 422 (9th Cir. 2022) (emphasis added) (citing Ave. 6E Invs., LLC v. City of Yuma, 818 F.3d 493, 504 (9th Cir. 2016)).

6

Here, Schultz alleges the Department of State discriminated against him because his application was denied on the basis of him being Jewish. See Complaint at PageID #: 10. Schultz, however, only alleges the IIE — not the Department of State — conducted the selection process. See id. at PageID #: 12 ("If [the selection] process was sacred, the US State Department would conduct the selection itself, as opposed to the [IIE][.] . . ."). He alleges the IIE "informed [him] that he was not selected for an interview for the Fulbright program without providing any rationale." [Id. at PageID #: 6.] Although IIE appears to be the entity responsible for the alleged harm, IIE is not a named defendant in this action. It is unclear, then, how Schultz's Fifth Amendment right to equal protection was violated by the Department of State if it was not involved with the selection process — even if Schultz alleges in a conclusory fashion that the Fulbright U.S. Student Program "is a US Department of State program . . . ."[1] See id. at PageID #: 6. As a result, Schultz fails to plausibly allege a "government action" that is responsible for the purported discrimination. See Ballou, 29 F.4th at 422. Schultz's Fifth Amendment claim must therefore fail.

---

[1] Schultz does not provide information about what kind of entity IIE is.

B. **APA Claim**

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

> This provision contains two separate requirements. First, the person claiming a right to sue must identify some "agency action" that affects him in the specified fashion; it is judicial review "thereof" to which he is entitled. The meaning of "agency action" for purposes of § 702 is set forth in 5 U.S.C. § 551(13), see 5 U.S.C. § 701(b)(2) ("For the purpose of this chapter . . . 'agency action' ha[s] the meanin[g] given . . . by section 551 of this title"), which defines the term as "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act," 5 U.S.C. § 551(13). When . . . review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the "agency action" in question must be "final agency action." See 5 U.S.C. § 704 ("Agency action made reviewable by statute and **final** agency action for which there is no other adequate remedy in a court are subject to judicial review" (emphasis added).
>
> Second, the party seeking review under § 702 must show that he has "suffer[ed] legal wrong" because of the challenged agency action, or is "adversely affected or aggrieved" by that action "within the meaning of a relevant statute." . . .

Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882-83 (1990) (emphasis and some alterations in Lujan). The APA also states, in pertinent part:

> . . . The reviewing court shall—
>
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
>
> > (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> >
> > (B) contrary to constitutional right, power, privilege, or immunity;
>
> . . . .

5 U.S.C. § 706(1)-(2)(B).

Here, Schultz does not allege whether there is a statutory basis for his APA claim. Regardless, some courts have held that discrimination claims against the federal government are not reviewable under the APA because there are adequate remedies provided by other statutes. See, e.g., Women's Equity Action League v. Cavazos, 906 F.2d 742, 750-51 (D.C. Cir. 1990) (holding that Titles VI, VII, and IX of the Civil Rights Act of 1964 provided the plaintiffs with adequate remedies which precluded their APA remedy); Sherman v. Black, 315 F. App'x 347, 349 (2d Cir. 2009) (holding that the plaintiff was precluded from bringing a discrimination claim under the APA "because he

9

ha[d] another adequate remedy, a suit against the medical school alleging discrimination based on his disability" (citations omitted)); Preskar v. United States, 248 F.R.D. 576, 584 (E.D. Cal. 2008) (finding that Title VI offered the plaintiff an adequate remedy to redress his discrimination claim and, therefore, his APA claim was precluded). To the extent that Schultz alleges the IIE is responsible for the purported discrimination, his "remedy is to pursue relief against [IIE], not against the federal government under the APA." See Preskar, 248 F.R.D. at 584.

Yet, even if Schultz could pursue a discrimination claim under the APA, he does not allege the Department of State reviewed and/or denied his application. The alleged discrimination therefore could not be based on any agency action that warrants judicial review under the APA. Accordingly, Schultz's APA claim necessarily fails.

Because Schultz does not sufficiently allege plausible Fifth Amendment and APA claims, his Complaint is dismissed. See Iqbal, 556 U.S. at 678. Moreover, to the extent that Schultz's Complaint also seeks a preliminary injunction, see Complaint at PageID #: 13, the Court finds that such a request is moot in light of the dismissal of the Complaint.

## II. Leave to Amend

Schultz's Complaint has been dismissed. Because Schultz is pro se and it is arguably possible for him to cure the deficiencies identified in the Complaint, leave to file an amended complaint must be granted. See Lucas, 66 F.3d at 248. If Schultz chooses to file an amended complaint, he must do so by **July 15, 2022.**

Schultz's amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in the original Complaint. He cannot incorporate any part of his original Complaint into the amended complaint by merely referring to the original Complaint. Schultz is cautioned that, if he fails to file his amended complaint by **July 15, 2022,** or if the amended complaint fails to cure the defects identified in this Order, his claims may be dismissed with prejudice — in other words, without leave to amend. Schultz would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

## III. Application

Insofar as the Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time. The Court will therefore reserve ruling on the Application until Schultz files an amended complaint. If any

portion of Schultz's amended complaint survives the screening process, the Court will then rule upon the Application and address whether Schultz is entitled to proceed without prepaying fees and costs.

## CONCLUSION

On the basis of the foregoing, Schultz's Complaint and Request for Injunction, filed February 8, 2022, is HEREBY DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order. Schultz is GRANTED leave to file his amended complaint by **July 15, 2022**. The amended complaint must comply with the terms of this Order. To the extent that Schultz's Complaint also requests a preliminary injunction, the request is DENIED AS MOOT because the Complaint has been dismissed. The denial is without prejudice to the presentation of a new request for a preliminary injunction in connection with his amended complaint.

Finally, the Court RESERVES RULING on Schultz's Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 8, 2022. If Schultz chooses to file an amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 31, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

BRENDAN SCHULTZ VS. UNITED STATES DEPARTMENT OF STATE; CV 22-00059 LEK-WRP; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTION; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS