UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BRENDAN SCHULTZ,<br><br>             Plaintiff,<br><br>      vs.<br><br>UNITED STATES DEPARTMENT OF<br>STATE,  DOES 1 THROUGH 100,<br><br>             Defendants. | CIV. NO. 22-00059 LEK-WRP |

**ORDER: DISMISSING, WITH PARTIAL LEAVE TO AMEND, PLAINTIFF'S
AMENDED COMPLAINT AND REQUEST FOR INJUNCTION; AND
RESERVING RULING ON PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On July 15, 2022, pro se Plaintiff Brendan Schultz ("Schultz") filed his Amended Complaint and Request for Injunction ("First Amended Complaint"). [Dkt. no. 9.] Schultz previously filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Filed 2/8/22 (dkt. no. 3).] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the First Amended Complaint is hereby dismissed. However, Schultz will be allowed to file a second amended complaint to try to cure the defects in the First Amended Complaint. Because Schultz is allowed to file a second amended complaint, the Application will

not be ruled upon until the second amended complaint is filed and screened.  Schultz's second amended complaint must be filed by **November 28, 2022.**

## BACKGROUND

Schultz's original complaint, [filed 2/8/22 (dkt. no. 1),] was dismissed through the screening process because he failed to sufficiently allege plausible claims against the United States Department of State ("Department of State").  See generally Order: Dismissing Plaintiff's Complaint and Request for Injunction; and Reserving Ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 5/31/22 (dkt. no. 7) ("5/31/22 Order").[1]

According to the First Amended Complaint, Schultz resides in Honolulu, Hawai`i.  [First Amended Complaint at ¶ I.A.]  The defendants named in the First Amended Complaint are the Department of State and the Institute of International Education ("IIE").  [Id. at ¶ I.B.]  Schultz asserts that federal question jurisdiction exists in this case, pursuant to 28 U.S.C. § 1331.  [Id. at ¶ II.]

Schultz brings this action under the Administrative Procedure Act ("APA"), the Due Process Clause of the Fifth Amendment of the United States Constitution, Title VI of the

---

[1] The 5/31/22 Order is also available at 2022 WL 1749098.

Civil Rights Act of 1964 ("Title VI"), and the Religious Freedom
Restoration Act of 1993 ("RFRA").  [Id. at ¶ II.A.]  Schultz
alleges the Department of State and/or the IIE violated his
civil rights because he was discriminated against when he was
not selected to interview for a 2022 Fulbright scholarship.  See
id. at PageID #: 59.  Schultz applied to the Fulbright United
States Student Program before the October 12, 2021 deadline.
[Id.]  He alleges that, although he "was extremely well
qualified for the Fulbright US Student program when accessed
[sic] by the publicized criteria for such award," on January 26,
2022, the IIE "informed [him] that he was not selected for an
interview for the Fulbright program without providing any
rationale."  [Id.]

        Schultz further alleges the IIE "does not appear to
have anti-bias training for Fulbright program evaluators," and
does not have a "civil rights grievance process by which [he]
can seek to rectify a civil rights violation."  [Id.]  Schultz
also alleges "the Department of State and the Executive Branch
have no procedure to efficiently rectify discrimination in a
timely manner that would prevent irreparable harm to [him]."
[Id.]  Schultz states that "[a]ny reasonable person who compares
[his] application for the Fulbright program with the criteria
outlined on the Fulbright program's website would conclude that
[he] is well qualified for the Fulbright program and immensely

qualified for the particular Fulbright award for which he applied." [Id.]

Schultz alleges that, because he received at least eight awards from the Department of State and the Department of State "routinely publishe[d his] accomplishments through official media channels," the rejection of his Fulbright application is "perplexing and illogical." [Id. at PageID #: 62.] Schultz alleges he was "discriminated against as a result of being a Jew . . . ." [Id. at PageID #: 65.] He also alleges the Department of State retaliated against him after they learned of his lawsuit against it because, since the initiation of his suit, the Department of State has rejected all twelve of Schultz's applications for grants in 2022. See id. at PageID #: 63. In comparison, Schultz alleges he received four out of the six grants he applied for in 2021. See id. Schultz seeks: (1) "a preliminary injunction to advance . . . to the finalist selection process for his 2022 Fulbright US Student program application"; (2) compensatory damages; (3) punitive damages; (4) general and special damages; (5) statutory damages; (6) equitable relief; (7) interest; and (8) any other appropriate relief. [Id. at ¶ V.]

## STANDARD

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who

submits an affidavit that demonstrates he is unable to pay."

Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[2] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of

---

[2] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

> Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also
> Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic]
> Cir. 2000).
>
> Despite the liberal pro se pleading
> standard, the court may dismiss a complaint
> pursuant to Federal Rule of Civil
> Procedure 12(b)(6) on its own motion.  See Omar
> v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th
> Cir. 1987) ("A trial court may dismiss a claim
> sua sponte under [Rule] 12(b)(6).  Such a
> dismissal may be made without notice where the
> claimant cannot possibly win relief.") . . . .

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1

(D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some

citations omitted), reconsideration denied, 2017 WL 830966

(Mar. 2, 2017).

**DISCUSSION**

I.   **Failure to State a Claim**

Federal question jurisdiction exists over Schultz's

claims.  See 28 U.S.C. § 1331 ("The district courts shall have

original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States.").

Schultz, however, fails to provide sufficient facts to raise

plausible Fifth Amendment, APA, Title VI, or RFRA claims.  See

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a

motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is

plausible on its face.  A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)).

**A.   Fifth Amendment Claims**

    **1.   Claim Related to the Fulbright Application Denial**

The Court previously dismissed Schultz's Fifth Amendment claim against the Department of State because Schultz did not allege the Department of State conducted the selection process for the Fulbright application.  See 5/31/22 Order, 2022 WL 1749098, at *3.  In his First Amended Complaint, Schultz re-alleges that the IIE conducted the selection process.  See First Amended Complaint at PageID #: 67.  Because Schultz does not allege the Department of State was involved in the selection process, Schultz's Fifth Amendment claim against the Department of State related to the denial of his Fulbright application must be dismissed.  "[I]t is absolutely clear that no amendment can cure the defect[s]" with Schultz's Fifth Amendment claims against the Department of State related to the denial of his Fulbright application.  See Lucas, 66 F.3d at 248 (citations omitted).  Schultz was previously granted leave to amend his Fifth Amendment claim against the Department of State to allege how it was involved in the purported discrimination, and Schultz failed to cure the defect.  Allowing him another opportunity to amend would be futile.  See, e.g., Zucco Partners, LLC v.

Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (stating the failure to cure defects identified in the dismissal of a prior version of the complaint "is a strong indication that the plaintiffs have no additional facts to plead" (citation and internal quotation marks omitted)). Therefore, Schultz's Fifth Amendment claim against the Department of State related to the denial of his Fulbright application is dismissed with prejudice – *i.e.*, without leave to amend.

Moreover, insofar as Schultz brings his Fifth Amendment due process claim related to the Fulbright application denial against the IIE, the claim fails because Schultz does not allege that the IIE is a part of the federal government and, therefore, its actions do not constitute government action.  See Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government." (citations omitted)); see also Bradford v. Union Pac. R.R. Co., 767 F.3d 865, 870 (9th Cir. 2014) ("It is well-established that the guarantees of the Fifth and Fourteenth amendments apply only to governmental action, and not to private action." (brackets, citation, and internal quotation marks omitted)).

To the extent that Schultz alleges the IIE's conduct constituted government action, his claim also fails.  In

determining whether an actor's conduct constitutes government action, courts examine "(1) the nexus between the government and the challenged action, (2) whether the alleged government actor performed functions traditionally exclusively reserved to the government, and (3) whether the government coerced or encouraged the challenged action."  See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 75 F.3d 1401, 1409 (9th Cir. 1996) (citing S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543–46, 107 S. Ct. 2971, 2984–86 (1987)).  Schultz does not provide any factual allegations to adequately plead any of the three factors in determining whether the IIE's conduct constituted government action.  Accordingly, Schultz's Fifth Amendment claim against the IIE related to the denial of his Fulbright application is dismissed.  However, because amendment may cure the claim's defect, the dismissal is without prejudice – i.e., with leave to amend.

## 2.  **Retaliation Claim**

Schultz alleges the Department of State retaliated against him for initiating this lawsuit by rejecting twelve of his grant applications in 2022.  See First Amended Complaint at PageID #: 63–64.  He also states the purported retaliation "is a clear violation of the Fifth Amendment Due Process clause . . . .  [Id. at PageID #: 64.]  Schultz, however, does not allege whether he brings a substantive or procedural due

process claim.  See United States v. Quintero, 995 F.3d 1044,
1051 (9th Cir. 2021) ("The Due Process Clause 'protects
individuals against two types of government action': violations
of substantive due process and procedural due process." (quoting
United States v. Salerno, 481 U.S. 739, 746, 107 S. Ct. 2095, 95
L. Ed. 2d 697 (1987))).  In any event, Schultz does not
adequately allege either a substantive or procedural due process
claim.

Both substantive and procedural due process claims
"require, as a threshold matter, that plaintiffs show they were
deprived of a constitutionally protected life, liberty or
property interest."  Hotop v. City of San Jose, 982 F.3d 710,
718 (9th Cir. 2020) (citations and internal quotations marks
omitted).  Schultz does not allege how the denial of the grants
deprived him of a constitutionally protected life, liberty, or
property interest.  Schultz's Fifth Amendment retaliation claim
against the Department of State regarding the denial of his
grant applications is therefore dismissed.  But, because
amendment may cure the claim's defect, it is dismissed without
prejudice.

B.   **APA Claims**

1.   **Claim Related to the Fulbright Application Denial**

The Court previously provided the framework for a
claim under the APA in the 5/31/22 Order.  See 5/31/22 Order,

2022 WL 1749098, at *3-4.  Here, it is likely that Schultz's
discrimination claim under the APA related to the denial of his
Fulbright application is precluded because there are adequate
remedies provided by other statutes.  See, e.g., Preskar v.
United States, 248 F.R.D. 576, 584 (E.D. Cal. 2008) (finding
that Title VI offered the plaintiff an adequate remedy to
redress his discrimination claim and, therefore, his APA claim
was precluded).  But, even assuming that Schultz can bring a
discrimination claim under the APA, the claim necessarily fails
because he does not allege the Department of State conducted the
selection process.  Moreover, the IIE is not a federal agency
and, as such, the APA does not apply to it.  Cf. 5 U.S.C. § 702.
Schultz's APA claims against the Department of State and the IIE
related to the Fulbright application denial must be dismissed
and, because amendment cannot cure the defects, the dismissal is
with prejudice.

### 2.   **Retaliation Claim**

Schultz also brings his retaliation claim under the
APA.  See First Amended Complaint at PageID #: 64.  Schultz
alleges the Department of State "appears to have issued a de
facto ban on [him] and the nonprofit that [he] leads [from]
receiving any further program grants from the [Department of
State]."  [Id. at PageID #: 63.]  Schultz does not allege
whether the Department of State's rejection of his grant

11

applications constituted final agency action under the APA.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990) ("When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" (citing 5 U.S.C. § 704)).  Furthermore, review is unavailable under the APA if an agency's action is committed to its discretion.  See 5 U.S.C. § 701(a)(2).  In other words, "'review is not to be had' in those rare circumstances where the relevant statute 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'"  Lincoln v. Vigil, 508 U.S. 182, 191 (1993) (some citations omitted) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)).  Schultz does not allege what specific grants he was rejected from and, thus, the Court cannot determine the relevant statute that covers the grants Schultz applied to.  Because the relevant statute is currently indeterminable, the Court does not have a standard to use in determining whether the Department of State's denial of Schultz's grant applications was an exercise of discretion – assuming the denial of the grants constituted agency action.  Schultz's APA claim related to the purported retaliation is therefore dismissed.  The dismissal is without prejudice because amendment may cure the claim's defects.

C.    **Title VI Claim**

Section 601 of Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. "[P]rivate individuals may sue to enforce § 601 of Title VI and obtain both injunctive relief and damages." Alexander v. Sandoval, 532 U.S. 275, 279 (2001). "To state a Title VI claim, 'a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance.'" Scutt v. UnitedHealth Ins. Co., CIVIL NO. 21-00323 JAO-RT, 2021 WL 3195018, at *2 (D. Hawai`i July 28, 2021) (quoting Fobbs v. Holy Cross Health Sys. Corp., 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by* Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir. 2001) (en banc)). "Title VI itself directly reaches only instances of intentional discrimination." Alexander, 532 U.S. at 281 (brackets, citation, and quotation marks omitted).

Here, Schultz's Title VI claim against the Department of State fails because he does not allege it conducted the selection process and, therefore, it could not have engaged in racial discrimination related to the rejection of his

application.  Thus, Schultz's Title VI claim against the
Department of State is dismissed and, because further amendment
cannot save the claim, the dismissal is with prejudice.

Schultz's Title VI claim against the IIE also fails.
He alleges he was discriminated against because he is Jewish.
See First Amended Complaint at PageID #: 65.  He further alleges
he "may have very well have had his civil rights violated in the
review of his Fulbright application by [the] IIE . . . ."  [Id.
at PageID #: 63.]  Although Schultz alleges the IIE receives
federal funds, [id.,] he does not provide any factual
allegations to support his position that the IIE discriminated
against him for being Jewish.  It appears Schultz believes he
was discriminated against because "[t]he IIE's decision to
refuse to advance [his] application . . . abruptly contradicts
[his] merits . . . ."  See id. at PageID #: 62.  Further,
Schultz states "it is reasonable for [him] to question the
outcome of his Fulbright application and perceive that the
outcome of his Fulbright application is not due to his merits
but due to a departure from the criteria for Fulbright award
selection."  [Id.]  Yet, Schultz's discrimination allegations
are merely speculative and conclusory.  His Title VI claim
against the IIE is therefore dismissed.  However, because
additional allegations may cure the defects of this claim,

Schultz is granted leave to amend the Title VI claim against the IIE.

> ### D.   <u>RFRA Claims</u>
>
> The RFRA states, in pertinent part:
>
> (a)   In general
>
> Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).
>
> (b)   Exception
>
> Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--
>
> > (1)   is in furtherance of a compelling governmental interest; and
> >
> > (2)   is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000bb-1(a)-(b).  "Not only does the term 'government' encompass officials, it also authorizes suits against 'other person[s] acting under color of law.'"  <u>Tanzin v. Tanvir</u>, 141 S. Ct. 486, 490 (2020) (alteration in <u>Tanzin</u>) (quoting 42 U.S.C. § 2000bb-2(1)).  This "includes both individuals who are officials acting under color of law **and** other, additional individuals who are nonofficials acting under color of law."  <u>Id.</u> (emphasis in <u>Tanzin</u>).  A plaintiff bringing a claim under RFRA "must first establish a prima facie case by showing that the government action at issue 'works a substantial

15

burden on his ability to freely practice his religion.'"   United States v. Lafley, 656 F.3d 936, 939 (9th Cir. 2011) (some citations omitted) (quoting Guam v. Guerrero, 290 F.3d 1210, 1222 (9th Cir. 2002)).

### 1.   **Claim Related to the Fulbright Application Denial**

Schultz does not allege his ability to practice his religion has been substantially burdened by the Department of State.  Nor can Schultz provide such allegations against the Department of State because it was not involved in the selection process.  Schultz's RFRA claim against the Department of State related to the Fulbright application denial is therefore dismissed with prejudice.  Moreover, Schultz's RFRA claim against the IIE related to the Fulbright application denial is also dismissed because he neither sufficiently alleges that the IIE acted under color of law nor that the IIE substantially burdened his ability to practice his religion.  But, the dismissal is without prejudice because amendment may cure the claim's defects.

### 2.   **Retaliation Claim**

Schultz alleges his retaliation claim against the Department of State is actionable under RFRA as well.  See First Amended Complaint at PageID #: 64.  But, Schultz does not allege that his ability to practice his religion has been substantially burdened by the denial of his grant applications.  Schultz's

RFRA claim related to the Department of State's alleged retaliation is therefore dismissed.  The dismissal is without prejudice because amendment may cure the claim's defect.

## II.  **Leave to Amend**

All of the claims in Schultz's First Amended Complaint have been dismissed.  Because Schultz is pro se and it is arguably possible for him to cure some of the deficiencies identified in the First Amended Complaint, leave to file a second amended complaint must be granted as to the claims dismissed without prejudice.  See Lucas, 66 F.3d at 248.  If Schultz chooses to file a second amended complaint, he must do so by **November 28, 2022.**

Schultz's second amended complaint must include all of the claims that he wishes to allege, and all of the allegations that his claims are based upon, even if he previously presented them in his original complaint or the First Amended Complaint. He cannot incorporate any part of his original complaint or his First Amended Complaint into the second amended complaint by merely referring to them.  Schultz is cautioned that, if he fails to file his second amended complaint by **November 28, 2022,** or if the second amended complaint fails to cure the defects identified in this Order, his claims may be dismissed with prejudice — in other words, without leave to amend.  Schultz

would then have no remaining claims in this district court, and the Clerk's Office would be directed to close the case.

## III. **Application**

Insofar as the First Amended Complaint has been dismissed with leave to amend, it is not appropriate to rule on the Application at this time.  The Court will therefore reserve ruling on the Application until Schultz files a second amended complaint.  If any portion of Schultz's second amended complaint survives the screening process, the Court will then rule upon the Application and address whether Schultz is entitled to proceed without prepaying fees and costs.

### CONCLUSION

On the basis of the foregoing, Schultz's Amended Complaint and Request for Injunction, filed July 15, 2022, is HEREBY DISMISSED.  The dismissal is WITH PREJUDICE as to: (1) the Fifth Amendment claim against the Department of State related to the denial of Schultz's Fulbright application; (2) the APA claims against the Department of State and the IIE related to the denial of Schultz's Fulbright application; (3) the RFRA claim against the Department of State related to the denial of Schultz's Fulbright application; and (4) the Title VI claim against the Department of State.  The dismissal is WITHOUT PREJUDICE as to: (1) the Fifth Amendment claim against the IIE related to the denial of Schultz's Fulbright

application; (2) the retaliation claims against the Department of State under the Fifth Amendment, the APA, and the RFRA; (3) the RFRA claim against the IIE; and (4) the Title VI claim against the IIE.

Schultz is GRANTED leave to file his second amended complaint by **November 28, 2022.**  The second amended complaint must comply with the terms of this Order.  To the extent that Schultz's First Amended Complaint also requests a preliminary injunction, the request is DENIED AS MOOT because the First Amended Complaint has been dismissed.  The denial is without prejudice to the presentation of a new request for a preliminary injunction in connection with his second amended complaint.

Finally, the Court RESERVES RULING on Schultz's Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 8, 2022.  If Schultz chooses to file a second amended complaint, and at least a portion of it survives the screening process, the merits of the Application will be addressed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 27, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

BRENDAN SCHULTZ VS. UNITED STATES DEPARTMENT OF STATE; CV 22-00059 LEK-WRP; ORDER:  DISMISSING, WITH PARTIAL LEAVE TO AMEND, PLAINTIFF'S AMENDED COMPLAINT AND REQUEST FOR INJUNCTION; AND RESERVING RULING ON PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS