UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BRENDAN SCHULTZ,<br><br>              Plaintiff,<br><br>     vs.<br><br>UNITED STATES DEPARTMENT OF STATE, DOES 1 THROUGH 100,<br><br>              Defendants. | CIV. NO. 22-00059 LEK-WRP |

**ORDER: DISMISSING, WITHOUT LEAVE TO AMEND, PLAINTIFF'S
SECOND AMENDED COMPLAINT AND REQUEST FOR INJUNCTION;
AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO
<u>PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On November 28, 2022, pro se Plaintiff Brendan Schultz ("Schultz") filed his Second Amended Complaint and Request for Injunction ("Second Amended Complaint"). [Dkt. no. 14.] Schultz previously filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Filed 2/8/22 (dkt. no. 3).] The Court has considered the Application as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. For the reasons set forth below, the Second Amended Complaint is hereby dismissed with prejudice, *i.e.*, without leave to amend. Because the Second Amended Complaint is dismissed with prejudice, the Application is denied.

**BACKGROUND**

The Court previously dismissed Schultz's prior complaints and Schultz was granted leave to amend some of his claims. See Order: Dismissing Plaintiff's Complaint and Request for Injunction; and Reserving Ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Feed or Costs, filed 5/31/22 (dkt. no. 7) ("5/31/22 Order"); Order: Dismissing, with Partial Leave to Amend, Plaintiff's Amended Complaint and Request for Injunction; and Reserving Ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed 10/27/22 (dkt. no. 12) ("10/27/22 Order").[1]  The factual allegations in the Second Amended Complaint are similar to the factual allegations in the previous versions of Schultz's complaints. Thus, the Court only addresses any new allegations that are relevant to the claims in the Second Amended Complaint. Schultz seeks: (1) "a preliminary injunction to move . . . to the finalist selection process for the 2023 Fulbright US Student program application"; (2) compensatory damages; (3) punitive damages; (4) general and special damages; (5) statutory damages; (6) equitable relief; (7) interest; and (8) any other appropriate relief. [Second Amended Complaint at ¶ V.]

---

[1] The 5/31/22 Order is also available at 2022 WL 1749098, and the 10/27/22 Order is also available at 2022 WL 15471261.

**DISCUSSION**

The applicable screening standards are set forth in the 5/31/22 Order. See 5/31/22 Order, 2022 WL 1749098, at *2.

I. **Failure to State a Claim**

Federal question jurisdiction exists over Schultz's claims. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Schultz, however, fails to provide sufficient facts to raise plausible equal protection under the Fifth Amendment's Due Process Clause, Administrative Procedure Act ("APA"), Title VI of the Civil Rights Act of 1964 ("Title VI"), or Religious Freedom Restoration Act of 1993 ("RFRA") claims. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)).

### A. Fifth Amendment Claims

#### 1. Claim Related to the Fulbright Application Denial

The Court previously dismissed with prejudice Schultz's Fifth Amendment claim related to the Fulbright application denial against the United States Department of State ("the Department of State"). See 10/27/22 Order, 2022 WL 15471261, at *3. The Court dismissed without prejudice Schultz's Fifth Amendment claim related to the Fulbright application denial against the Institute of International Education ("the IIE") because he failed to allege the IIE's actions constituted government actions. Id. Schultz alleges in the Second Amended Complaint that the IIE's conduct constitutes government action because:

> (1) IIE was directly implementing a program on behalf of the government for the sole reason the US State Department does not have the staffing to implement the program directly, (2) IIE was performing functions of program implementation that are traditionally performed by the government itself, (3) and the Department of State encouraged IIE to engage in the alleged discriminatory conduct since the Department of State did not mandate the IIE establish appropriate procedures, such as an internal discrimination appeal process, that would help prevent bias and discrimination.

[Second Amended Complaint at 12.]

In determining whether an actor's conduct constitutes government action, courts "examine[] (1) the nexus between the government and the challenged action, (2) whether the alleged

4

government actor performed functions traditionally exclusively reserved to the government, and (3) whether the government coerced or encouraged the challenged action." See Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 75 F.3d 1401, 1409 (9th Cir. 1996) (citing S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543-46, 107 S. Ct. 2971, 2984-86 (1987)). Here, Schultz fails to allege the IIE's conduct constituted government action because he does not allege how "program implementation" of a scholarship program, see Second Amended Complaint at 12, is a "function[] traditionally **exclusively reserved** to the government," see Am. Bankers Mortg., 75 F.3d at 1409 (emphasis added).

Even if Schultz was able to plausibly allege the IIE's actions constituted government conduct, he fails to sufficiently allege how the IIE discriminated against him. See Ballou v. McElvain, 29 F.4th 413, 422 (9th Cir. 2022) ("The central inquiry in an Equal Protection Clause claim is whether a government action was motivated by a **discriminatory purpose**." (emphasis added) (citation omitted)). Schultz alleges the IIE "informed [him] that he was not selected for an interview . . . **without providing any rationale**." [Second Amended Complaint at 8 (emphasis added).] Despite that allegation, Schultz further alleges he was discriminated against for being Jewish. See, e.g., id. at 13, 17. Schultz fails to provide any allegations

5

for a plausible inference that his Fulbright application was denied because he is Jewish. Thus, Schultz's Fifth Amendment claim against the IIE related to the denial of his Fulbright application must be dismissed. Schultz has been given multiple opportunities to allege adequate facts to support his Fifth Amendment claim against the IIE related to the denial of his application. As such, allowing him another opportunity to amend would be futile. See, e.g., Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (stating the failure to cure defects identified in the dismissal of a prior version of the complaint "is a strong indication that the plaintiffs have no additional facts to plead" (citation and internal quotation marks omitted)). Therefore, Schultz's Fifth Amendment claim against the IIE related to the denial of his Fulbright application is dismissed with prejudice – *i.e.*, without leave to amend.

### 2. **Retaliation Claim**

The Court previously dismissed without prejudice Schultz's retaliation claim. See 10/27/22 Order, 2022 WL 15471261, at *3. Schultz realleges a retaliation claim against the Department of State, alleging the Department of State retaliated against him for initiating this lawsuit by rejecting twelve of his grant applications in 2022. See Second Amended

Complaint at 13-15. Schultz appears to allege substantive and procedural due process claims. See id. at 15.

Both substantive and procedural due process claims "require, as a threshold matter, that plaintiffs show they were deprived of a constitutionally protected life, liberty or property interest." Hotop v. City of San Jose, 982 F.3d 710, 718 (9th Cir. 2020) (citations and internal quotations marks omitted). Schultz states he has a liberty interest because he has a right "to live a life free from ethnic persecution and discrimination," and "to pursue lawful rectification of ethnic discrimination one has experienced." See Second Amended Complaint at 15. Even if Schultz has such liberty interests, he fails to allege in a non-conclusory manner that his application was denied because of ethnic discrimination. See *supra* Discussion Section I.A.1. Moreover, Schultz does not sufficiently allege that he was denied the grants because he is Jewish.

Schultz also alleges he has a property interest because, had he received the grants, he would have been awarded a stipend or salary. See Second Amended Complaint at 15. The Ninth Circuit has held:

> Protected property interests derive from "an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Thornton v. City of St. Helens, 425

7

> F.3d 1158, 1164 (9th Cir. 2005) (quoting Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972)). However, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577, 92 S. Ct. 2701.  Thus, "[t]he property interests that due process protects extend beyond tangible property and include anything to which a plaintiff has a 'legitimate claim of entitlement.'" Nozzi v. Hous. Auth. of City of Los Angeles, 806 F.3d 1178, 1191 (9th Cir. 2015), *as amended on denial of reh'g and reh'g en banc* (Jan. 29, 2016) (quoting Roth, 408 U.S. at 576–77, 92 S. Ct. 2701).  Further, "[a] legitimate claim of entitlement is 'determined largely by the language of the statute and the extent to which the entitlement is couched in mandatory terms.'" Johnson v. Rancho Santiago Cmty. Coll. Dist., 623 F.3d 1011, 1030 (9th Cir. 2010) (quoting Wedges/Ledges of Cal., Inc. v. Phoenix, 24 F.3d 56, 62 (9th Cir. 1994)).  "A mere 'unilateral expectation' of a benefit or privilege is insufficient[.]" Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998) (quoting Roth, 408 U.S. at 577, 92 S. Ct. 2701).

Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136, 1147 (9th Cir. 2018) (alterations in Fed. Home Loan Mortg.)  Schultz does not, nor can he, point to a state law stating that receiving a grant, such as the ones he applied for, is an entitlement.  Even if the Court were to assume that Schultz was the most qualified person for the grants he applied for, Schultz only has, at most, "[a] mere unilateral expectation of a benefit or privilege . . . ." See Nunez, 147 F.3d at 872 (citation and internal quotation marks omitted).  Schultz,

8

therefore, does not "have a legitimate claim of entitlement to" the grants.  See id. (quotation marks and citation omitted).  Because Schultz fails to sufficiently allege how the denial of the grants deprived him of a constitutionally protected life, liberty, or property interest, Schultz's Fifth Amendment retaliation claim against the Department of State must be dismissed.  The Fifth Amendment retaliation claim is dismissed with prejudice because further amendment would be futile.

    B.    **Retaliation Claim under the APA**

The Court previously dismissed without prejudice Schultz's APA claim against the Department of State for retaliation.  See 10/27/22 Order, 2022 WL 15471261, at *4.  Schultz realleges his APA claim against the Department of State for retaliation.  See Second Amended Complaint at 15-16.  The Court previously provided the framework for a claim under the APA in the 5/31/22 Order.  See 5/31/22 Order, 2022 WL 1749098, at *3-4.  Schultz alleges the Department of State "appears to have issued a de facto ban on [him] and the nonprofit that [he] leads [from] receiving any further program grants from the [Department of State]."  [Second Amended Complaint at 14.]  Schultz alleges the Department of State's rejection of his grant applications constituted final agency action under the APA.  See id. at 15; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990) ("When . . . review is sought not pursuant to

9

specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" (citing 5 U.S.C. § 704)).  Review, however, is unavailable under the APA if an agency's action is committed to its discretion.  See 5 U.S.C. § 701(a)(2).  In other words, "'review is not to be had' in those rare circumstances where the relevant statute 'is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'"  Lincoln v. Vigil, 508 U.S. 182, 191 (1993) (some citations omitted) (quoting Heckler v. Chaney, 470 U.S. 821, 830 (1985)).

>Schultz alleges he was denied the following grants:
>
>- US Embassy Skopje Alumni Engagement Innovation Fund Round One
>
>- US Embassy Skopje Alumni Engagement Innovation Fund Round Two
>
>- US Embassy Sarajevo Alumni Engagement Innovation Fund
>
>- US Embassy Pristina Democracy Commission Small Grants Program
>
>- US Embassy Belgrade Serbian-American Cooperation Grants Program
>
>- US Embassy Belgrade BOLD Academic Fellowships
>
>- US Embassy Baku Annual Program Statement
>
>- US Embassy Baku Track II Programs Grant
>
>- US Embassy Tbilisi Alumni Engagement Innovation Fund

       - US Embassy Tbilisi Cultural Programs Grant

       - US Embassy Yerevan Small Grants Program

[Second Amended Complaint at 15-16.]

A federal agency, such as the Department of State, may issue grants pursuant to 31 U.S.C. § 6304. In issuing discretionary Federal awards such as grants, the issuing agency

> must design and execute a merit review process for applications, with the objective of selecting recipients most likely to be successful in delivering results based on the program objectives outlined in section § 200.202. A merit review is an objective process of evaluating Federal award applications in accordance with written standards set forth by the Federal awarding agency.

2 C.F.R. § 200.205. However, there is not a statute or regulation that outlines or dictates the Department of State's specific review process for grants such as the ones that Schultz applied for. That is, the decision to accept or reject grant applications is wholly under the discretion of the Department of State. The instant case is one of "those rare circumstances" where the Court has "no meaningful standard against which to judge the agency's exercise of discretion." Lincoln, 508 U.S. at 191 (quotation marks and citations omitted). Thus, Schultz's APA claim related to the purported retaliation is dismissed. The dismissal is with prejudice because it is not possible for Schultz to plead the necessary factual allegations.

C. **Title VI Claim**

The Court previously dismissed Schultz's Title VI claims against the Department of State and the IIE without prejudice. See 10/27/22 Order, 2022 WL 15471261, at *4–5. The Court also outlined the relevant standard for a Title VI claim. See id. at *4. Schultz realleges his Title VI claim against the IIE, stating that "[a]t this stage of the pleadings, it is inappropriate for the court to evaluate facts, especially facts that the defendant has intentionally withheld from the plaintiff by not providing a rationale for the plaintiff's non-selection and does not have an appeal process." [Second Amended Complaint at 13.] First, it is axiomatic at the pleading stage that the Court must evaluate the factual allegations of a complaint. See Iqbal, 556 U.S. at 678. Second, Schultz again fails to allege any facts to raise a plausible inference that his Fulbright application was denied because he is Jewish. Schultz's discrimination allegations are merely speculatory and conclusory. His Title VI claim against the IIE is therefore dismissed. It is dismissed with prejudice because Schulz cannot cure the claim's defect by further amendment.

D. **RFRA Claims**

The Court previously dismissed, without prejudice, Schultz's RFRA claims against the Department of State and the IIE related to the Fulbright application denial and the

purported retaliation.  See 10/27/22 Order, 2022 WL 15471261, at *5-6.

### 1. Claim Related to the Fulbright Application Denial

Schultz alleges the

> IIE substantially burdened the plaintiff's exercise of religion since, in cases of religious discrimination, an individual is discriminated against because they identify with a particular religion.  Individuals of all faiths, including the plaintiff, could take steps to hide their religious identity and not be subject to discrimination.  For example, the plaintiff could not have associated with any Jewish groups, could have changed his Jewish last name to a non-Jewish name, and could have even died [sic] and straightened his dark curly hair.
>
> However, the plaintiff chose not to hide his religious identity and thus faced discrimination that precluded his participation in the Fulbright program.  Thus, if Jews are only able to participate in the Fulbright program because they take steps to hide their faith, then IIE's discrimination constitutes a burden, since the plaintiff must have taken steps to hide his religious identity to participate in the Fulbright program.

[Second Amended Complaint at 13.]

Schultz fails to plead a prima facie case under the RFRA because he does not sufficiently allege "that the government action at issue works a substantial burden on his ability to freely practice his religion."  See United States v. Lafley, 656 F.3d 936, 939 (9th Cir. 2011) (citations and internal quotation marks omitted).  Schultz does not allege a "substantial burden" because he fails to adequately plead that

13

he was "forced to choose between following the tenants of [his] religion and receiving a government benefit or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions."  See Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1070 (9th Cir. 2008) (citations and internal quotations marks omitted).  Thus, Schultz's RFRA claim against the IIE related to the denial of his Fulbright application is dismissed.  The dismissal is with prejudice because Schultz cannot cure the claim's defect by amendment.

### 2. Retaliation Claim

Schultz alleges "[t]he Department of State has burdened the plaintiff's exercise of his religion by retaliating against the plaintiff for practicing his religious tradition." [Second Amended Complaint at 16.]  Schultz again fails to allege the Department of State placed a substantial burden on his ability to practice his religion.  His claim therefore must be dismissed.  The dismissal is with prejudice because Schultz cannot cure the claim's defect by amendment.

## II. No Leave to Amend

All of the claims in Schultz's Second Amended Complaint have been dismissed.  Further, it is clear that he cannot cure the deficiencies identified in the Second Amended Complaint.  Thus, although Schultz is pro se, he is not permitted leave to file a third amended complaint.  Schultz has

14

no remaining claims in this district court, and the Clerk's Office is directed to close the case.

### III. **Application**

Because the Second Amended Complaint has been dismissed without leave to amend, the Application is denied as moot.

## CONCLUSION

On the basis of the foregoing, Schultz's Second Amended Complaint and Request for Injunction, filed November 28, 2022, is HEREBY DISMISSED.  The dismissal is WITH PREJUDICE.  To the extent that Schultz's Second Amended Complaint also requests a preliminary injunction, the request is DENIED AS MOOT because the Second Amended Complaint has been dismissed.

Finally, Schultz's Application to Proceed in District Court Without Prepaying Fees or Costs, filed February 8, 2022, is HEREBY DISMISSED.  The Clerk's Office is DIRECTED to close the case on **April 4, 2023**, unless Schultz files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 20, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BRENDAN SCHULTZ VS. UNITED STATES DEPARTMENT OF STATE, ET AL; CV 22-00059 LEK-WRP; ORDER: DISMISSING, WITHOUT LEAVE TO AMEND, PLAINTIFF'S SECOND AMENDED COMPLAINT AND REQUEST FOR INJUNCTION; AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

16